HADLEY HORNER, FOR AND ON BEHALF OF HIMSELF AND ALL OTHER TAX-PAYERS OF THE CITY OF BURLINGTON, v. THE CHAMBER OF COMMERCE OF THE CITY OF BURLINGTON, INC., AND THE CITY OF BURLINGTON.

(Filed 1 February, 1952.)

1. **Appeal and Error § 40d—**

   In determining whether the findings of the trial court are supported by evidence, and therefore binding, the Supreme Court will consider not only the facts in evidence favorable to the successful party, but also all reasonable inferences which may be drawn in his favor from such facts.

2. **Municipal Corporations § 41: Taxation § 38a—Evidence held to support finding that chamber of commerce did not expend tax moneys as agency of municipality for purposes specified in G.S. 158-1.**

   Facts in evidence tending to show that defendant municipality made an absolute gift of tax moneys to a chamber of commerce without specifying

how they were to be spent or reserving any right to direct or control their use; that the municipality did not in fact direct or control the chamber of commerce in the expenditure of the funds and did not even receive a report from it as to disbursement; that the chamber of commerce commingled the tax moneys with its other revenues and used the resulting common fund in the discharge of its functions, *is held* to support the finding of the trial court that the tax moneys were not expended under the direction and control of the municipality through the agency of the chamber of commerce for the purposes specified in G.S. 158-1, and supports its judgment for the recovery of the tax moneys from the chamber of commerce. The trial court correctly rejects as irrelevant testimony of expenditures by the chamber of commerce prior to the payment of the tax moneys to it.

**3. Evidence § 45—**

Whether a particular disbursement of tax moneys is authorized by statute is not a proper subject for opinion evidence.

**4. Municipal Corporations § 41: Taxation § 38a—**

Good faith in the expenditure of tax moneys does not affect the question of whether such expenditure is authorized.

APPEAL by defendants, the Chamber of Commerce of the City of Burlington, Inc., and the City of Burlington, from *Sharp, Special Judge,* at the April Term, 1951, of the Superior Court of ALAMANCE County.

Civil action by taxpaying citizen to compel private corporation to restore to municipality tax moneys alleged to have been unlawfully diverted from the municipal treasury.

The record discloses these things:

1. The defendant, the City of Burlington, which is herein called Burlington, is a municipality in Alamance County, North Carolina.

2. The defendant, the Chamber of Commerce of the City of Burlington, Inc., which is herein designated as the Chamber of Commerce, is a private non-profit corporation having these corporate purposes: (1) The promotion of every plan for the advancement of the commercial, manufacturing, civic, and monetary interests of the community of Burlington and Alamance County, and the abatement of every grievance injuriously affecting such interests; (2) the establishment and application of uniform and equitable rates and usages of trade; (3) the collection and preservation of statistical information concerning the commerce, capital, production, and growth of Burlington; (4) the speedy and economical settlement of differences among its members, without resort to litigation; (5) the assembling of a general meeting of all the businessmen of Burlington in all emergencies wherein their rights, or interests may be affected; and (6) the discussion of all questions affecting the interests, trade, or manufacturers of Burlington and Alamance County, and the pecuniary welfare of Burlington and Alamance County.

3. On December 15, 1925, the voters of Burlington approved the statute now codified as Chapter 158 of the General Statutes at an election conforming to G.S. 158-3.

4. Thereafter, to wit, during the fiscal year beginning on July 1, 1947, the Burlington City Council adopted a municipal budget, making an appropriation in this indefinite fashion: "Publicity: Chamber of Commerce, $2,000.00." At the same time, it levied a special ad valorem tax on all taxable property in the municipality at a rate within the limits specified in G.S. 158-1 to cover such appropriation. When collected, this special tax netted $2,000.00.

5. The Burlington City Council delivered the $2,000.00 mentioned in the preceding paragraph to the Chamber of Commerce in these installments on these occasions: $1,000.00 on 12 November, 1947; and $1,000.00 on 8 May, 1948. The Chamber of Commerce indistinguishably commingled this tax money and its other revenues, and expended the resultant common fund for various purposes.

6. Subsequent to these events, the plaintiff, a taxpaying citizen of Burlington, demanded that the Chamber of Commerce restore the $2,000.00 to Burlington, and that the Burlington City Council institute proceedings for its recovery. These demands were refused by the Chamber of Commerce and the Burlington City Council on the ground that the appropriation and expenditure were authorized by G.S. 158-1.

7. The plaintiff thereupon brought this action against the Chamber of Commerce, Burlington, and four members of the Burlington City Council, to wit, Jennings M. Bryan, H. L. Galloway, J. O. Bayliff, and C. W. Burke, to compel the restoration of the $2,000.00 to Burlington.

8. The complaint is analyzed in the opinion on a former appeal in this cause. See: *Horner v. Chamber of Commerce,* 231 N.C. 440, 57 S.E. 2d 789. It charges initially that the tax money in question was turned over to the Chamber of Commerce by the Burlington City Council free from "any restrictions, conditions, or requirements" as to its use, and with intent on the part of the Burlington City Council that it should be used by the Chamber of Commerce in its "untrammeled discretion in furtherance of the ordinary . . . activities of said Chamber of Commerce"; that the money was mingled with the general funds of the Chamber of Commerce "derived from numerous other sources," and was "used, *pro rata,* for all the . . . expenses of said Chamber of Commerce"; and that such outlay was unlawful because it was not authorized by G.S. 158-1 or any other statute. It asserts secondarily that the outlay of the tax money was not for a public purpose within the meaning of Article V, Section 3, of the State Constitution, and by reason thereof was unconstitutional if it was in fact sanctioned by G.S. 158-1. The answer asserts "that the tax levy, appropriation and payment made by the City of Burlington to the Chamber of Commerce were made pursuant

to . . . Chapter 158 of the General Statutes of North Carolina," and that such statute did not offend the constitutional provision invoked by the plaintiff.

9. Subsequent to the filing of the answer the plaintiff submitted to a voluntary nonsuit as against Jennings M. Bryan, H. L. Galloway, J. O. Bayliff, and C. W. Burke. When the action was heard at the April Term, 1951, of the Superior Court of Alamance County, the plaintiff and the remaining defendants waived trial by jury, and presented testimony before the presiding judge for the avowed purpose of sustaining their respective pleadings. After hearing the evidence, the judge found the facts in great detail. When the findings are properly interpreted, they come to this: That the tax moneys in controversy were not used or expended under the direction and control of the Burlington City Council through the agency of the Chamber of Commerce for the purposes specified in G.S. 158-1, but, on the contrary, they were used or expended by the Chamber of Commerce at its own untrammeled discretion for its own ordinary activities. The judge concluded "that the payment of the . . . $2,000.00 to the Chamber of Commerce by the City of Burlington was not authorized by law and its expenditure . . . was an illegal use of tax money," and entered judgment "that the . . . City of Burlington . . . recover of the . . . Chamber of Commerce of the City of Burlington, Inc., the sum of $2,000.00, with interest on $1,000.00 since 12 November 1947, and with interest on $1,000.00 since 8 May 1948, and that the plaintiff recover his costs to be taxed against the . . . Chamber of Commerce by the Clerk." The remaining defendants excepted to the judgment and appealed to the Supreme Court, assigning errors.

*William R. Dalton, Jr., for plaintiff, appellee.*
*Cooper, Sanders & Holt and W. D. Madry for defendants, appellants.*

ERVIN, J.  There is certainly no statutory warrant for the outlay of tax funds under scrutiny unless it can be found in G.S. 158-1, which provides that the governing body of any city, whose qualified voters have approved Chapter 158 of the General Statutes in an appropriate election, may annually set apart and appropriate from the funds derived annually from the general taxes levied and collected in the city an amount not less than one-fortieth of one per cent, nor more than one-tenth of one per cent, upon the assessed value of all real and personal property taxable in the city, which funds shall be used and expended under the direction and control of the governing body of the city, under such rules and regulations or through such agencies as such governing body shall prescribe, for the purpose of aiding and encouraging the location of manufacturing enterprises, making industrial surveys and locating industrial and commercial plants in or near the city; encouraging the

building of railroads thereto, and for such other purposes as will, in the discretion of the governing body of the city, increase the population, taxable property, agricultural industries, and business prospects of the city.

The facts found by the trial judge undoubtedly sustain the adjudication that the outlay in question does not fall within the compass of G.S. 158-1, and by reason thereof constitutes an unlawful diversion of tax funds from the treasury of Burlington. The findings are binding on the parties to the appeal if they are supported by evidence. *Poole v. Gentry,* 229 N.C. 266, 49 S.E. 2d 464.

This brings us to the chief question presented by the assignments of error: Does the testimony support the findings of fact of the trial judge?

In determining whether there is evidentiary support for the findings of the trial judge in an action where trial by jury is waived, this Court considers not only the facts in evidence favorable to the successful party, but also all reasonable inferences which may be drawn from such facts in his favor.    5 C.J.S., Appeal and Error, Section 1656 i.

When the evidence in the instant case is considered in this manner, it indicates that the tax moneys in controversy were appropriated and used under these circumstances:

1. The governing body of Burlington, *i.e.,* the Burlington City Council, made an absolute gift of the tax moneys to the Chamber of Commerce without specifying how they were to be spent, and without reserving the right to direct or control their use.

2. The Burlington City Council did not, in fact, direct or control the Chamber of Commerce to any degree in its disposition of the tax moneys. Indeed, the Chamber of Commerce did not even report to the Burlington City Council what it did with them.

3. The Chamber of Commerce indistinguishably commingled the tax moneys and all its other revenues, and indiscriminately used the resultant common fund to pay rents, salaries, and other expenses incurred by it in carrying out its corporate functions.

These things being true, there is sufficient evidentiary support for the findings of the trial judge that the tax moneys in controversy were not used or expended under the direction and control of the Burlington City Council through the agency of the Chamber of Commerce for the purposes specified in G.S. 158-1, but, on the contrary, they were used or expended by the Chamber of Commerce at its own untrammeled discretion for its own ordinary activities.

The trial judge rightly rejected for irrelevancy the statements of Philip Swartz and R. S. Winslow, witnesses for the defendants, that they had examined "Exhibit B showing various expenditures by the Burlington Chamber of Commerce . . . for publicity," and "that the matters for which the expenditures shown were made are generally accepted as

approved methods of publicity for obtaining new industrial, commercial, and business enterprises for a city . . . in . . . North Carolina and elsewhere." The expenditures listed in Exhibit No. 8 antedated the payment of the tax moneys to the Chamber of Commerce, and do not represent outlays of those moneys. Besides, whether a particular disbursement falls within the compass of G.S. 158-1 is not a proper subject for opinion evidence. *S. v. Cuthrell,* 233 N.C. 274, 63 S.E. 2d 549.

Since no occasion for so doing arises on the present record, we do not express any opinion as to whether the objects enumerated in G.S. 158-1 constitute public purposes in a constitutional sense under Article V, Section 3, of the State Constitution.

The trial judge found as a fact that the officials of both the Chamber of Commerce and the City of Burlington acted at all times in the honest belief that the appropriation and expenditure of the $2,000.00 were within the law. Their good faith does not impair the legal doctrine that "a tax is an imposition for the supply of the public treasury and not for the supply of individuals or private corporations, however benevolent they may be." 51 Am. Jur., Taxation, Section 6.

The judgment requiring the restoration of the tax moneys to the municipal treasury is

Affirmed.