CITY OF GREENSBORO, AND ROBERT H. FRAZIER, M. A. ARNOLD, WILLIAM B. BURKE, J. A. CANNON, JR., E. C. FAULCONER, WILLIAM M. HAMPTON, AND BOYD R. MORRIS v. HERMAN AMASA SMITH, FOR AND ON BEHALF OF HIMSELF AND ALL OTHER CITIZENS AND TAXPAYERS OF THE CITY OF GREENSBORO AND SUBSCRIBERS TO GREENSBORO WAR MEMORIAL FUND, AND GREENSBORO WAR MEMORIAL FUND COMMISSION, S. I. STEWART, SR., CHARLES T. HAGAN, BEN CONE, E. D. BROADHURST, JR., J. E. SMITH, J. C. McLAUGHLIN, MRS. C. HENRY SIKES, ALLEN C. McSWEEN, FIELDING L. FRY, W. M. YORK, RALPH L. LEWIS, PAUL C. SHU, ORTON A. BOREN, C. M. VANSTORY, JR., AND W. H. SULLIVAN, SR., COMMISSIONERS.

(Filed 14 January, 1955.)

**1. Statutes § 5a—**

The ascertainment of the legislative intent is the objective of statutory construction.

**2. Same—**

Ordinarily, words of a statute will be given their natural, approved, and recognized meaning.

**3. Same—**

The language of a statute must be read contextually, and when its meaning is ambiguous, resort may be had to the subject matter and the objects and purposes sought to be accomplished.

**4. Same—**

The law in effect at the time of the passage of an act may be considered in ascertaining the legislative intent.

**5. Taxation § 4—**

Auditoriums, playgrounds, and recreation centers are not necessary municipal expenses within the meaning of Art. VII, sec. 7, of the Constitution of North Carolina, and a city may not borrow money, levy or collect taxes therefor without an approving vote of the people, but such purposes are public purposes for which it may appropriate various surplus funds not derived from taxes.

**6. Municipal Corporations § 8e—**

The memorial authorized by Ch. 436, Session Laws of 1945, must consist primarily of an auditorium, and if a playground and recreational facilities are included in the project they must be incidental and subordinate to the

auditorium, and any "other activities" included therein must be limited to those which constitute public purposes within the purview of the decisions of the Supreme Court.

**7. Same—**

The authority of the Memorial Commission created under the provisions of Ch. 436, Session Laws of 1945, to direct the disbursement of funds donated for the Memorial is subject to the limitations that the disbursements be consonant with the purpose of the act, and also that the entire cost of the project shall not exceed the aggregate of the donated funds, plus such additional amounts, if any, as the city may be authorized and may see fit to appropriate by way of supplement thereto.

**8. Appeal and Error § 5—**

Adjudication of whether a municipality has power to supplement funds for a war memorial with moneys derived from sources other than taxation should not be made in the absence of the factual data as to the source and character of such funds.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Phillips, J.,* 11 October, 1954 Civil Term of GUILFORD, Greensboro Division.

The City of Greensboro, and the members of its City Council, and the Greensboro War Memorial Fund Commission, and its members, and Herman Amasa Smith, for and on behalf of himself and in the representative capacities indicated above, through their pleadings, asked the court to construe Ch. 436, Session Laws of 1945, entitled "An Act To Authorize City Of Greensboro To Establish A War Memorial Fund And A War Memorial Fund Commission; To Acquire And Hold Property Incidental To The Construction Of A War Memorial," hereinafter called the Act, and to enter a declaratory judgment defining their respective duties thereunder.

This cause was here at Fall Term 1953, *Greensboro v. Smith,* 239 N.C. 138, 79 S.E. 2d 486, upon appeal by (original) defendant Smith. The error, for which the cause was remanded, was that the Commission, then attempting to exercise authority, was an illegally constituted body. The proceedings of such Commission being invalid, consideration of the questions posed relating to the War Memorial was deferred until the Commission was appointed and acted as a legally constituted body.

After the cause was remanded, these pertinent events, embodied as findings of fact in the judgment, transpired:

1. The City Council appointed fifteen (15) persons as members of the Commission, to serve five (5) years from date of appointment, to wit, 1 March, 1954.

2. On 9 March, 1954, the Commission organized and after public hearings adopted a resolution selecting the Wendover Avenue site for the

Memorial and, subsequently, after a second public hearing, reaffirmed the selection of said site, more than eight (8) members voting for such resolution on each occasion.

3. On 2 June, 1954, the Commission adopted a resolution requesting the City to approve employment of architects to design the Memorial and requested approval of expenditures of $1,000.00 to defray expenses of furniture for an office and an additional sum of $500.00 for incidental expenses. The City Council took no action on this request.

4. The Commission and its fifteen (15) members were made additional parties.

5. The plaintiffs filed an amendment to their original complaint, the original defendant (Smith) answered the amendment, and the new parties answered the original complaint and the amendment thereto.

6. A jury trial was waived and the court found the facts, made conclusions of law, and entered judgment. The plaintiffs excepted and appealed.

All parties joined in the prayer that the court provide by its judgment the answers to the six questions posed in the amended complaint. The court did so, *seriatim*. Appellants challenge three of the answers so given.

It is established by portions of the judgment (paragraphs 1, 4 and 5), unchallenged by assignment of error, (1) that the Commission is now legally constituted and has selected the Wendover Avenue property as the site for the Memorial, in compliance with the Act and the opinion on the first appeal; and (2) that the City Council has the authority and duty to expend from the funds donated for the Memorial such amounts as the Commission determines to be necessary to pay the incidental expenses of the Commission, and to approve the employment of architects and to pay their compensation in connection with the designing and construction of the Memorial and its furnishings and equipment within the funds available for such purpose; and (3) that the City of Greensboro, in awarding contracts for the construction, furnishing, and equipment of the Memorial, shall do so in compliance with General Statutes, Ch. 143, and other laws applicable to the expenditure by municipalities of public funds for public purposes.

Appellants challenge, by assignments of error, paragraphs 2, 3 and 6 of the judgment, wherein it is ordered, adjudged and decreed:

"2. That the provisions of Chapter 436 of the Session Laws of 1945 do not impose upon the City Council of the City of Greensboro any duty, discretionary or otherwise, to determine that the construction of the War Memorial and the furnishing and equipment thereof as designed by the said Commission on a site selected by the Commission is *(a) possible within the funds available or (b)* deemed advisable under all the relevant circumstances, it being the responsibility solely of said Commission to

select a site for said Memorial and to design or plan the same so that it can be constructed and equipped within the funds then available.

"3. It is not the duty of the City Council of the City of Greensboro to determine in the exercise of its discretion or otherwise whether the Memorial designed by the Commission complies with the descriptive requirements set forth in Chapter 436 of the Session Laws of 1945 since all matters relative to the design and plan for such Memorial are by said Act left to the judgment and discretion of said Commission."

"6. The City of Greensboro now has the lawful right to supplement the funds of the Greensboro War Memorial Fund by appropriations from available funds, not otherwise appropriated, and derived from sources other than *ad valorem* taxes."

It is noted that the major portion of the Act is quoted in the statement of facts preceding this Court's opinion relating to the first appeal. Reference is made thereto and to the Act itself.

*Herman C. Wilson, City Attorney, and L. P. McLendon for plaintiff City of Greensboro, appellant.*

*Horace R. Kornegay for defendant Smith, appellee.*

*Charles T. Hagan, Jr., and William M. York for defendant Greensboro War Memorial Fund Commission, appellee.*

BOBBITT, J. In the construction of the Act our chief concern is to ascertain the legislative intent. As stated by *Stacy, C. J.*, in *Trust Co. v. Hood, Comr. of Banks*, 206 N.C. 268, 173 S.E. 601: "The heart of a statute is the intention of the law-making body."

Rules of statutory construction relevant here are stated succinctly by *Johnson, J.*, in *Cab Co. v. Charlotte*, 234 N.C. 572, 68 S.E. 2d 433, as follows:

"It is an accepted rule of statutory construction that ordinarily words of a statute will be given their natural, approved, and recognized meaning. *Commissioners of Johnston County v. Lacy*, 174 N.C. 141, 93 S.E. 482; *Randall v. Richmond and Danville Railroad Co.*, 107 N.C. 748, 12 S.E. 605; 50 Am. Jur., Statutes, Sec. 238.

"It is also an accepted rule of construction that in ascertaining the intent of the Legislature in cases of ambiguity, regard must be had to the subject matter of the statute, as well as its language, *i.e.*, the language of the statute must be read not textually, but contextually, and with reference to the matters dealt with, the objects and purposes sought to be accomplished, and in a sense which harmonizes with the subject matter. *Gill v. Board of Com's. of Wake County*, 160 N.C. 176, top p. 188, 76 S.E. 203; *Spencer v. Seaboard Air Line R. Co.*, 137 N.C. 107, p. 119, 49 S.E. 96; 50 Am. Jur., Statutes, Sec. 292."

And, in endeavoring to give the Act meaning in accord with its language and purpose, it must be borne in mind that when the legislation was passed the law in this jurisdiction, as set forth in the next paragraph hereof, was well established.

The acquisition, establishment and operation of an auditorium, G.S. 160-283, *Adams v. Durham,* 189 N.C. 232, 126 S.E. 611, and of playground and recreation centers, G.S. 160-155 *et seq., Purser v. Ledbetter,* 227 N.C. 1, 40 S.E. 2d 702; *Greensboro v. Smith,* 239 N.C. 138, 79 S.E. 2d 486, are not "necessary expenses" within the meaning of Art. VII, sec. 7, of the Constitution of North Carolina, for which a municipal corporation may borrow money or levy and collect taxes, without an approving vote of the people, but are public purposes for which a municipal corporation may appropriate available surplus funds not derived from taxes or a pledge of its credit. *Brumley v. Baxter,* 225 N.C. 691, 36 S.E. 2d 281.

The Greensboro War Memorial Fund Commission, hereinafter called the Commission, was established to provide a suitable memorial in the City of Greensboro to perpetuate the memory of the men and women of Greensboro who gave their lives for their country in World War II. The statute determines that an auditorium is a desirable and suitable memorial; but "the Commission may, in its discretion, also include playground and recreation centers and other activities as a part of such memorial."

The Commission created by the Act is a single purpose agency. Its members serve without compensation. Its task is to solicit funds for such Memorial, to designate the site, to determine the plans for its construction and for the furnishing and equipping thereof; and, thirty days after completion of the Memorial, the Commission terminates. The Commission has no authority or duty in respect of the upkeep, operation or management of the Memorial. When the Memorial is completed, and the time to use it has arrived, the Commission will be *functus officio.*

The Act manifests a legislative intent that the Memorial shall consist primarily of an auditorium. "Playground and recreation centers and other activities," if included at all, are not to be in lieu of an auditorium but are to be incidental and subordinate thereto.

Moreover, the Act manifests a legislative intent that the Memorial shall be a facility for use, requiring upkeep, operation and management. The Act contemplates that donations for the Memorial, by citizens of Greensboro and other interested persons, shall be made to the City of Greensboro and kept in a separate fund "until such time as a location is selected and the remainder held until the construction of said memorial is possible and deemed advisable." The quoted provision contemplates that the purchase price of the site selected is to be paid from such separate (donated) fund and the remainder held until the Memorial is constructed. The

title to property purchased for the Memorial will vest in the City of Greensboro. Construction contracts will be made by the City of Greensboro, in its name. The Commission handles no funds and is not vested with the title to any property. Upon completion of the Memorial, the City of Greensboro will be responsible for its upkeep, operation and management the same as if the property had been purchased with municipal funds. This will be possible only if the use is for a public purpose. In view of the foregoing, we hold that the words "other activities" used in Art. 2, sec. 1, of the Act, and included in the quotation above, used in association with "auditorium" and "playground and recreation centers," refer only to such "other activities" as may also constitute public purposes within the meaning of our decisions.

It appears that campaigns for the solicitation of gifts of funds and property in 1944 and 1946 resulted in subscriptions in the total amount of $893,108.85, all but $37,162.92 having been paid to the City of Greensboro, and that these funds are now held in separate account for such Memorial. While these donated funds are public funds of the City of Greensboro, the General Assembly has provided that they are to be disbursed by the City of Greensboro *as directed by the Commission,* subject only to these limitations: (1) the Memorial shall consist primarily of an auditorium, but incidental and subordinate thereto there may be playground and recreation centers or other *public purpose* facilities; (2) the entire cost of the Memorial, including the cost of the site, architect's compensation, furnishings and equipment, incidental expenses of the Commission, etc., shall not exceed the aggregate of such donated funds, plus such additional amounts, if any, as the City Council may be authorized and may see fit to appropriate by way of supplement thereto. Subject to these limitations, the Commission has the authority and the duty to determine what the Memorial shall be, where it shall be, when construction thereof shall commence, and all other matters for decision incident to the construction and completion of the Memorial. On the other hand, the plaintiffs have no responsibility or duty incident to the construction of such Memorial provided the determinations made by the Commission are within the scope of its authority and duty as outlined herein.

It appears from the original complaint that the City of Greensboro had purchased property on Wendover Avenue, presumably that selected by the Commission as the site for the Memorial; that it was purchased with funds derived from the sale of other real estate; and that such property is now owned by the City of Greensboro. It does not appear whether the parties contemplate that the City of Greensboro is to be reimbursed from the separate (Memorial) account to the extent of the cost of this property. It should be noted that, while the Commission has authority within the limitations stated to direct the expenditure of the donated

funds, the Commission has no authority whatever over any municipal property other than the donated funds. So, after the Commission has determined the site, the plan and design of the Memorial, etc., the City Council, since the Memorial is to be one usable only for a public purpose, may determine whether it has and will appropriate surplus municipal funds and property, derived from sources other than taxation or a pledge of its credit, by way of supplement in connection with the establishment of the Memorial and, upon its completion, for its upkeep, operation and management.

The general conditions under which the City of Greensboro may supplement the donated funds in the establishment and maintenance of the Memorial are sufficiently indicated. No adjudication is appropriate in the absence of factual data as to the source and character of the "available funds derived from sources other than *ad valorem* taxes." Hence, paragraph 6 should be deleted.

In conformity with the foregoing, the judgment is modified in these respects, viz.:

1. The words "(a) possible within the funds available or (b)," now appearing in paragraph 2 of the judgment, are stricken therefrom.

2. A proviso, "provided, the Memorial as determined by the Commission shall consist primarily of an auditorium, although, incidental and subordinate thereto, there may be playground, recreational or other public purpose facilities," is added to and made a part of paragraphs 2 and 3 of the judgment.

3. Paragraph 6 of the judgment is stricken therefrom.

As modified, the judgment of the court below is affirmed.

Modified and affirmed.

PARKER, J., took no part in the consideration or decision of this case.