WALTON S. DENNIS, JR., ON BEHALF OF HIMSELF AND ALL OTHER TAXPAYERS IN THE CITY OF RALEIGH v. THE CITY OF RALEIGH, A MUNICIPAL CORPORATION.

(Filed 23 November, 1960.)

**1. Municipal Corporations § 4—**

A municipal corporation has only those powers conferred upon it by statute and those powers necessarily implied by law therefrom. G.S. 160-1.

**2. Taxation § 4—**

What constitutes a necessary expense within the purview of Art. VII, Sec. 7, of the State Constitution is for determination by the Supreme Court.

**3. Same—**

Art. VII, Sec. 7, prohibiting a municipal corporation from expending funds derived from taxation for purposes other than necessary expenses without the approval of its voters applies to all taxes which a municipal corporation may levy or .collect, and therefore a municipal resolution appropriating funds derived from sources other than *ad valorem* taxes for an unnecessary expense is void in so far as it purports to authorize for such purpose the use of funds derived from taxes other than *ad valorem* taxes.

**4. Same—**

The expenditure by a municipality of funds for the purpose of advertising the advantages of the city in an effort to secure new industry is not for a necessary municipal expense within the meaning of Art. VII, Sec. 7, of the State Constitution.

**5. Taxation § 5—**

When authorized by statute, a municipality has power to appropriate for a public purpose available surplus funds not derived from taxes or a pledge of its credit, and while legislative declaration that a particular expenditure is for a public purpose is entitled to great weight, what is a public purpose is a judicial question.

**6. Same—**

The expenditure of funds by a municipality for the purpose of advertising to promote the public interest and general welfare of the city is for a public purpose for which, under legislative authority, it may, without a vote, appropriate funds not derived from taxation.

**7. Same: Municipal Corporations § 35—**

An appropriation by a municipality of funds to its Chamber of Commerce for use in advertising to promote the public interest and general welfare of the city under authority of a resolution providing that such funds should be used exclusively for that purpose and providing supervision and control by the city of the expenditure of the funds, is valid in so far as the appropriation is limited to nontax revenue of the city,

the city having been given express legislative authority to expend money for such purpose. Chapter 1184, Section 22(40), Session Laws of 1949.

APPEAL by plaintiff from *McKinnon, J.,* September Regular Civil Term, 1960, of WAKE.

Taxpayer's action for injunctive relief.

On June 20, 1960, the City Council of the City of Raleigh adopted a resolution which, after recitals, provides: "That the sum of $500 is hereby appropriated from surplus funds of the City derived from sources other than ad valorem taxation to the Raleigh Chamber of Commerce to be used exclusively for the purpose of advertising the advantages of the City of Raleigh in an effort to secure the location of new industry within the City. Before any expenditure of said appropriation shall be made, there shall be submitted to and approved by the City Council of the City of Raleigh the specific advertising to be done and the approximate cost thereof. All funds turned over to the Raleigh Chamber of Commerce pursuant to this resolution shall be accounted for by the Raleigh Chamber of Commerce before the expiration of the fiscal year of the City ending June 30, 1961." It is alleged and admitted that the Raleigh Chamber of Commerce is "a private corporation, having corporate purpose to encourage, advance and promote the industrial, commercial, civic and social interests in the City of Raleigh and its surrounding territory."

The $500.00 so appropriated has not been paid to the Raleigh Chamber of Commerce but will be unless payment thereof is enjoined.

No issues of fact are raised by the pleadings. Plaintiff alleges said appropriation is neither for a necessary expense nor for a public purpose and "the contemplated use of the funds constitutes an unlawful and misapplication of funds from the public treasury of the City of Raleigh and is an unlawful expenditure." Answering, defendant denies these allegations. By agreement, the cause was submitted for final judgment.

The court, after setting forth the facts substantially as stated above, concluded as a matter of law that said appropriation was for a public purpose and did not violate any of the provisions of the Constitution of North Carolina. Thereupon, it was adjudged "that the restraining order sought by plaintiff be and the same is hereby denied," and it was ordered that plaintiff pay the costs. Plaintiff excepted and appealed.

*Teague, Johnson & Patterson for plaintiff, appellant.*
*Paul F. Smith for defendant, appellee.*

BOBBITT, J. A municipal corporation has "the powers prescribed by statute, and those necessarily implied by law, and no other." G.S. 160-1. Defendant relies solely on the statutory authority granted by Section 22(40) of Chapter 1184, Session Laws of 1949, "The Charter of the City of Raleigh," which provides:

"Sec. 22. Expressed Powers Enumerated. In addition to the powers now or hereafter granted to municipalities under the general laws of the State of North Carolina, the City of Raleigh shall have the following expressed powers hereby granted to it:

". . .

"(40) To appropriate annually, in the discretion of the city council, not exceeding twenty-five hundred dollars ($2500.00) to any association in the city organized for the purpose of advertising the city or promoting the public interest and general welfare of the city; *provided, however,* that any such appropriation, which is hereby declared to be for a public purpose, shall be from funds of the city derived from sources other than ad valorem taxation."

Constitutional limitations upon the power of the General Assembly include the following: "No . . . municipal corporation shall contract any debt, pledge its faith or loan its credit, nor shall any tax be levied or collected by any officers of the same except for the necessary expenses thereof, unless approved by a majority of those who shall vote thereon in any election held for such purpose." N. C. Constitution, Art. VII, Sec. 7.

In *Ketchie v. Hedrick,* 186 N.C. 392, 119 S.E. 767, a tax to provide a fund to be expended "under the direction and control of the directors of the Chamber of Commerce of High Point, N. C.," for purposes similar to those here considered, was held invalid and uncollectible on the ground such expenditure was not for "a necessary governmental expense." High Point had levied the tax under the purported authority of a private legislative act. Whether a tax should be levied for such purpose was not submitted to the electors.

Thereafter, the General Assembly enacted Ch. 33, Public Laws of 1925, the general statute now codified as G.S., Ch. 158, applicable to a municipal corporation if and when approved by a majority of the qualified voters thereof. G.S. 158-2. When so approved, it authorizes the governing body to appropriate funds, limited as to amount, derived from general taxes for purposes similar to those here concerned. The 1925 Act was considered in *Horner v. Chamber of Commerce,* 231 N.C. 440, 57 S.E. 2d 789, where a judgment sustaining a

demurrer to the complaint was reversed, and again in *Horner v. Chamber of Commerce,* 235 N.C. 77, 68 S.E. 2d 660, where a judgment for plaintiff, based on findings of fact and invalidating the challenged appropriation, was affirmed. The ground of decision was that, in contravention of the 1925 Act, "the Burlington City Council made an absolute gift of the tax moneys to the Chamber of Commerce without specifying how they were to be spent, and without reserving the right to direct or control their use," and that "(t)he Chamber of Commerce indistinguishably commingled the tax moneys and all its other revenues, and indiscriminately used the resultant common fund to pay rents, salaries, and other expenses incurred by it in carrying out its corporate functions." (235 N.C. 81.)

What constitutes a necessary expense within the terms of Art. VII, Sec. 7, is for determination by this Court. *Wilson v. High Point,* 238 N.C. 14, 76 S.E. 2d 546, and cases cited. An expenditure for the purposes set forth in the resolution of the Raleigh City Council is not a necessary expense within the meaning of this constitutional provision. *Ketchie v. Hedrick, supra.* Hence, *no* tax may be levied or collected for such purpose unless approved by a majority of the qualified voters.

The resolution of the Raleigh City Council, in accordance with the phraseology of the charter provision, purports to make the appropriation from funds derived from sources other than *ad valorem* taxation. But the provisions of Art. VII, Sec. 7, are not limited to *ad valorem* taxation. They apply with equal vigor to all taxes a municipal corporation may levy or collect. Hence, the appropriation, insofar as it purports to authorize the use *of tax funds* other than those derived from *ad valorem* taxes, is void.

There remains for consideration whether the City of Raleigh, by virtue of said charter provision, has authority to make such appropriation from surplus funds not derived from taxation of any kind.

"A state legislature can neither compel nor authorize a municipal corporation to expend any of its funds for a private purpose, and consequently, since practically every undertaking of a municipality does or may require the expenditure of money, a municipal corporation cannot, even with express legislative sanction, embark in any private enterprise, or assume any function which is not in a legal sense public. If there is any restriction implied and inherent in the spirit of American Constitutions, it is that the government and its subdivisions shall confine themselves to the business of government, for which they were created, but if a specific provision prohibiting the expenditure of public funds for private purposes is required, it

is found in the clause which forbids the taking of property for other than public uses; for since the funds of a municipality are necessarily directly or indirectly raised by taxation, the expenditure of money by a municipality for private purposes does or may necessarily result in the taking of the property of individuals under the guise of taxation for other than public uses." 38 Am. Jur., Municipal Corporations § 395; *Brown v. C'omrs. of Richmond County,* 223 N.C. 744, 28 S.E. 2d 104.

A municipal corporation, when authorized by statute, has power to appropriate *for a public purpose* available surplus funds not derived from taxes or a pledge of its credit. *Brumley v. Baxter,* 225 N.C. 691, 699, 36 S.E. 2d 281, and cases cited; *Greensboro v. Smith,* 241 N.C. 363, 367, 85 S.E. 2d 292.

A legislative determination that a particular expenditure is for a public purpose, while entitled to great weight, is not conclusive. Final decision is for judicial determination. *Briggs v. Raleigh,* 195 N.C. 223, 230, 141 S.E. 597; *Turner v. Reidsville,* 224 N.C. 42, 29 S.E. 2d 211.

In *Airport Authority v. Johnson,* 226 N.C. 1, 8, 36 S.E. 2d 803, *Seawell, J.,* states: " 'Public Purpose' as we conceive the term to imply, when used in connection with the expenditure of municipal funds from the public treasury, refers to such public purpose within the frame of governmental and proprietary power given to the particular municipality, to be exercised for the benefit, welfare and protection of its inhabitants and others coming within the municipal care." See opinion of *Stacy, C. J.,* in *Briggs v. Raleigh, supra,* for a full discussion of the distinction between a public purpose and the promotion of private business or property interests.

*"Where the statutory power exists,* courts have permitted municipalities to advertise their advantages to attract trade and industry to the community." (Our italics.) Rhyne on Municipal Law, § 15-6; 37 Am. Jur., Municipal Corporations § 127. Decisions based on lack of express legislative authority are not relevant.

In *Sacramento Chamber of Commerce v. Stephens* (Cal.), 299 P. 728, which involved an appropriation made pursuant to a charter provision, the opinion of *Waste, C. J.,* states: "Furthermore, we are of the view that, by common consent, it is now generally held to be well within a public purpose for any given locality to expend public funds, within due limitations, for advertising and otherwise calling attention to its natural advantages, its resources, its enterprises, and its adaptability for industrial sites, with the object of

increasing its trade and commerce and of encouraging people to settle in that particular community."

The appropriation made by the Raleigh City Council to the Raleigh Chamber of Commerce is for use *exclusively* for "advertising the advantages of the City of Raleigh in an effort to secure the location of new industry within the City." No part of the funds so appropriated is to be expended by the Raleigh Chamber of Commerce unless and until specific advertising and the cost thereof is first submitted to and approved by the Raleigh City Council. Except to the extent expended for approved specific advertising, the Raleigh Chamber of Commerce is to account to the City of Raleigh for said $500.00 on or before June 30, 1961. The factual situation here is quite different from that considered in *Horner v. Chamber of Commerce, supra.*

The appropriation authorized by the charter provision is for advertising to promote the public interest and general welfare of the City. The resolution of the Raleigh City Council contains no suggestion that the fund will be expended for any other purpose. There is no allegation that the contemplated advertising is for the purpose of promoting private business or property interests. Absent an attack on such ground, it must be assumed that no expenditure will be approved by the Raleigh City Council unless it be within the authority granted by the charter provision.

The court below held the appropriation was for a public purpose. We agree. However, it was not for a necessary expense within the meaning of Art. VII, Sec. 7, and payment may not be lawfully made from funds derived from taxation of any kind. Hence, it was error to deny *in its entirety* plaintiff's application for injunctive relief and to dismiss the action.

Accordingly, the judgment of the court below is vacated and the cause remanded for the entry of a judgment enjoining payment from funds derived from taxation of any kind but denying plaintiff's application for injunctive relief insofar as it relates to payment from available surplus funds not derived from taxes of any kind.

Error and remanded.