*151
 
 Battle, J.
 

 No rule of law is better settled or more generally kn >wn, than tliat in the construction of a will, the intention of the testator, apparent in the will itself, musi govern —and that in older to effectuate that intention, as collected from (he context, words may, when necessary, Le suj plied, transposed or changed. 1 Jaiman on wills ch. 16, page 427 . — Sessoms vs. Sessoms. 2 Dev. and Bat. Eq. 453. The difficulty in the clause of the will which we are called upon to construe, arises, manifestly, from the omission of one or more words, which makes the sense incomplete. But n > person in reading the will can doubt for a moment wha' the omitted words wer e intended to he. The tes ator had in preceding clauses, given to each of his twm sous land, slaves and stock, and then subj. lined the clause in dispute. “If either of my should die without a lawful heir, the longest liver heirs the whole of both estates.” The word “either” taken by itself' signifies “one or another of any number,” but it is here confined to two, by force of the word “both,” which signifies “two, considered as distinct from others, or by themselves.” The omitted word or words then is, or are “sons” or “two sons,” and it is so plain that such and no other was the testators meaning, that no argument can make it plainer. It is manifest, also, that by dying without a lawful heir, the testator meant a lawful child; because if the one or oth er brother died without heirs in a technical sense, there could be no survivor. One of the sous having died unmarried and childless, his estate goes under the limitation to his surviving brother, there must be a decree to that effect.
 

 PER Oueiam. Decree accordingly.