IN THE MATTER OF THE REVOCATION OF THE LICENSE OF MARVIN JESSE HARRIS, LICENSE NO. 2842781

No. 772SC785

(Filed 15 August 1978)

1. Automobiles § 1.1— revocation of driver's license for violation of liquor laws—liquor laws not vague or overbroad term

The phrase "liquor laws" as contained in G.S. 20-19(e), the statute providing for permanent revocation of a driver's license, is not unconstitutionally vague since men of common intelligence can understand it and is not overbroad since no conduct within the purview of the phrase is a constitutionally protected activity.

2. **Automobiles § 1.1; Disorderly Conduct and Public Drunkenness § 1— public drunkenness as violation of liquor laws**

> The crime of public drunkenness is a violation of the liquor laws of N. C. as that term is used in G.S. 20-19(e).

APPEAL by respondent from *Small, Judge.* Judgment entered 9 May 1977, Superior Court, BEAUFORT County. Heard in the Court of Appeals 22 June 1978.

Petitioner commenced this action on 22 July 1976 pursuant to G.S. 20-25, seeking a review of the ruling of the Division of Motor Vehicles that petitioner was ineligible for the issuance of a new license pursuant to G.S. 20-19. The essential facts are these: Petitioner was convicted of driving under the influence on 3 December 1969, and his license was revoked for one year—from January 1970 to January 1971. On 10 April 1972, petitioner was convicted of aiding and abetting while driving under the influence, and his license was revoked for four years—from May 1972 to May 1976. On 22 May 1972 petitioner was convicted of driving under the influence, and his license was permanently revoked on 22 May 1972. Petitioner requested and received hearings at which he sought reinstatement of his license in May 1975 and November 1975. On 17 March 1976, petitioner was convicted of public drunkenness.

Petitioner sought and received another hearing on 12 June 1976 seeking reinstatement of his license. The Division ruled that he was ineligible for reinstatement and would remain ineligible until 17 March 1979, three years after the date of his conviction of public drunkenness. Petitioner appealed to the Superior Court.

The trial court concluded that "the phrase . . . 'liquor laws' . . . as contained in G.S. 20-19(e) is unconstitutionally vague, indefinite and overbroad . . ." and that "petitioner's conviction of public drunkenness is not a violation of the 'liquor laws'. . . ." The court ordered the Division to grant petitioner a hearing and ruled that it could not "deny reinstatement of petitioner's driving privilege for three years because of petitioner's conviction of public drunkenness. . . ."

From that judgment, respondent appeals.

*Attorney General Edmisten, by Associate Attorney Mary I. Murrill and Assistant Attorney General William B. Ray, for respondent appellant.*

*James, Hite, Cavendish & Blount, by Dallas Clark, Jr., for petitioner appellee.*

MORRIS, Judge.

G.S. 20-19(e) provides that

"When a license is revoked because of a third or subsequent conviction for driving or operating a vehicle while under the influence of intoxicating liquor or while under the influence of an impairing drug, occurring within five years after a prior conviction, the period of revocation shall be permanent; provided, that the Division may, after the expiration of three years, issue a new license upon satisfactory proof that the former licensee has not been convicted within the past three years with a violaton of any provision of motor vehicle laws, liquor laws or drug laws of North Carolina or any other state and is not an excessive user of alcohol or drugs. . . ."

The trial court ruled that the statute, especially the phrase "liquor laws" was "unconstitutionally vague, indefinite and overbroad" and that a "conviction of public drunkenness is not a violation of the 'liquor laws'. . . ."

[1]   First, we determine whether the phrase "liquor laws" is "unconstitutionally vague". Our Supreme Court has set out a detailed definition of "vagueness".

" 'That the terms of a penal statute . . . must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalities, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.'

' . . . the terms of a criminal statute must be sufficiently explicit to inform those subject to it what acts it is their duty to avoid or what conduct on their part will render them liable

to its penalities, and no one may be required, at the peril of life, liberty, or property to guess at, or speculate as to, the meaning of a penal statute.' " *Surplus Store, Inc. v. Hunter,* 257 N.C. 206, 211, 125 S.E. 2d 764, 768 (1962).

In our opinion, the phrase "liquor laws" is not a term "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. . . ." *Surplus Store, Inc. v. Hunter,* 257 N.C. at 211, 125 S.E. 2d at 768. Quite to the contrary, we believe that the term is so clear and understandable to men of common intelligence that no further discussion is necessary.

Next, is the statute constitutionally invalid because it is over-broad? A statute is unconstitutionally overbroad where "the possible harm to society in permitting some unprotected speech [or conduct] to go unpunished is outweighed by the possibility that protected speech [or conduct] of others will be muted [or inhibited]. . . ." *Broadrick v. Oklahoma,* 413 U.S. 601, 612, 93 S.Ct. 2908, 2916, 37 L.Ed. 2d 830, 840 (1973). A statute is not overbroad when it punishes, prohibits, or inhibits only conduct which is not constitutionally protected. Overbreadth is an issue *only where* some constitutionally protected conduct is punished, prohibited, or inhibited by the very same statutory provision which punishes, prohibits, or inhibits the unprotected behavior.

Overbreadth has generally been an issue in cases which dealt with statutes allegedly interfering with first amendment rights. A good example of this pattern is *Erznoznik v. City of Jacksonville,* 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed. 2d 125 (1975). There an ordinance was adopted which prohibited drive-in movie theaters from showing films containing nudity when the screen was visible from any public street or public place. Because the ordinance's prohibition encompassed some constitutionally protected conduct; for example, showing nudity which was not pornographic, along with constitutionally unprotected conduct, such as showing nudity which was pornographic, the ordinance was overbroad and was constitutionally invalid on its face.

The present case is completely different. The only conduct inhibited by the challenged statute, insofar as this case is concerned, is "violation . . . of liquor laws . . . of North Carolina. . . ." Petitioner has argued that the statute is overbroad because the

crime of public drunkenness is included in the phrase "violation of liquor laws" and because, under the statute, conviction of the crime of public drunkenness precludes reinstatement of driving privileges for three additional years. This argument is totally without merit. Public drunkenness is not a constitutionally protected activity; nor is any other conduct within the purview of the phrase "violation of liquor laws of North Carolina". Thus, the statute is not and cannot be deemed constitutionally overbroad.

[2]  Finally, we must determine whether the crime of public drunkenness is a violation of the "liquor laws" of North Carolina as the term is used in G.S. 20-19(e). The trial court concluded that public drunkenness was not a violation of the liquor laws of North Carolina. G.S. 14-335(a) provides that "[i]f any person shall be found drunk or intoxicated in any public place, he shall be guilty of a misdemeanor. . . ."

"In the construction of the Act our chief concern is to ascertain the legislative intent. . . .

\*    \*    \*

'It is an accepted rule of statutory construction that ordinarily words of a statute will be given their natural, approved, and recognized meaning. . . . [Citations omitted.]

'It is also an accepted rule of construction that in ascertaining the intent of the Legislature in cases of ambiguity, regard must be had to the subject matter of the statute, as well as its language, *i.e.*, the language of the statute must be read not textually, but contextually, and with reference to the matters dealt with, the objects and purposes sought to be accomplished, and in a sense which harmonizes with the subject matter. [Citations omitted.]' " *Greensboro v. Smith*, 241 N.C. 363, 366, 85 S.E. 2d 292, 294 and 295 (1955).

We note first that the legislature intended to deny reissuance of a driver's license where the petitioner has violated either of three broad categories of laws: "motor vehicle laws", "liquor laws", or "drug laws". Furthermore, the expansive nature of the statute can be seen in that the prohibition extends to "laws of North Carolina *or any other state*". (Emphasis added.) It, therefore, appears that the legislature was demanding complete compliance with *all* laws governing the use of drugs, alcohol, and motor vehicles. This demand for compliance with the law is joined

with the requirement that the petitioner not be "an excessive user of alcohol". We are compelled to the conclusion that the legislature fully intended to include the crime of public drunkenness in the phrase "violation of liquor laws of North Carolina". Additionally, this interpretation is in more complete harmony with the statute as a whole. We also believe that this interpretation conforms to the natural meaning of the phrases. Finally, this construction has been adopted by the Division of Motor Vehicles, and the construction adopted by the State officials who administer a statute is always strongly persuasive. *Shealy v. Associated Transport*, 252 N.C. 738, 114 S.E. 2d 702 (1960).

We, therefore, hold that the crime of public drunkenness is a violation of the liquor laws of North Carolina as that term is used in G.S. 20-19(e). The trial court erred as a matter of law in holding to the contrary. The decision of the trial court is reversed and the ruling of the Division of Motor Vehicles is reinstated.

Reversed.

Judges VAUGHN and MARTIN concur.