WAYNE GRAY EVANS v. WILLIAM R. ROBERSON, JR., SECRETARY OF THE DEPARTMENT OF TRANSPORTATION FOR THE STATE OF NORTH CAROLINA

No. 489A84

(Filed 13 August 1985)

**Automobiles and Other Vehicles § 2.8— odometer alteration—violation of motor vehicle laws—denial of license reinstatement**

    The crime of odometer alteration prohibited by G.S. 20-343 is a "violation of any provision of the motor vehicle laws" within the meaning of G.S. 20-28.1(c) and thus can serve as a basis for denial of reinstatement of a driver's license following permanent revocation even though it is not a moving violation.

APPEAL of right pursuant to G.S. 7A-30(2) by defendant from the decision of a divided panel of the Court of Appeals, 69 N.C. App. 644, 317 S.E. 2d 715 (1984), affirming judgment entered by *Freeman, J.,* in favor of plaintiff during the 23 August 1983 Session of Superior Court, YADKIN County.

*No appearance or brief for plaintiff-appellee.*

*Lacy H. Thornburg, Attorney General, by Millard R. Rich, Jr., Deputy Attorney General, for defendant-appellant.*

FRYE, Justice.

On defendant's appeal, the issue is whether the Court of Appeals correctly affirmed the trial court's conclusion that because odometer alteration is not a moving violation it cannot serve as a basis for denial of reinstatement of driver's license following permanent revocation. Our answer is no.

I.

The uncontroverted material facts are:

1. Plaintiff's North Carolina driver's license was permanently revoked by defendant effective 18 June 1980, based on his conviction of three or more moving violations while plaintiff's license was suspended. Defendant's order of revocation was entered pursuant to G.S. 20-28.1.

2. Plaintiff has not been convicted of a moving violation since that date.

3. Plaintiff was convicted on 14 October 1981 in Yadkin County District Court, for seven violations of G.S. 20-343 for unlawfully altering the odometers of seven motor vehicles with the intent to change the number of miles indicated thereon. The seven violations occurred between 31 March and 27 May 1981.

4. On 4 May 1981, plaintiff made application to defendant for a probationary license pursuant to G.S. 20-28.1(c). Defendant conducted a hearing on plaintiff's application before Hearing Officer Wayne Murdock on 14 July 1983.

5. Defendant denied plaintiff a probationary driver's license following the above hearing, holding as a matter of law that plaintiff was not eligible for a probationary license under the provisions of G.S. 20-28.1(c) because plaintiff's convictions in 1981 of violating G.S. 20-343 were violations of the motor vehicle laws of North Carolina.

The trial court additionally found that plaintiff would have been issued a new license but for the convictions for odometer alteration. Based on these facts, the trial court concluded that the license reinstatement was improperly denied. It further concluded that plaintiff's convictions for odometer alteration were a form of commercial fraud. For that reason, the court determined that the convictions bore no relation to highway safety and they were not meant to be included within the meaning of the phrase "any provision of the motor vehicle laws" which is contained in G.S. 20-28.1(c). The Court of Appeals agreed. We reverse.

II.

G.S. 20-28.1(c) provides in pertinent part as follows:

[A]ny person whose license has been suspended or revoked under this section permanently may apply for a license after three years. Upon the filing of such application, the Division may, with or without a hearing, issue a new license upon satisfactory proof that the former licensee has not been convicted within the suspension or revocation period of a violation of any provision of the motor vehicle laws, alcoholic beverage laws, or drug laws of North Caroalina or any other state . . . .

G.S. 20-343 provides in pertinent part as follows:

*Unlawful change of mileage.*—It is unlawful for any person or his agent to disconnect, reset, or alter the odometer of any motor vehicle with the intent to change the number of miles thereon . . . .

The question to be answered is whether the phrase "any provision of the motor vehicle laws," contained within G.S. 20-28.1(c) should be interpreted to include a violation of G.S. 20-343. Defendant argues the legislature intended the inclusion. The Court of Appeals disagreed.

The Court of Appeals reasoned that only "moving violations" constitute threats to safety on the public highways and since G.S. 20-343 is not a moving violation it is not to be included in the phrase, "any provision of the motor vehicle laws" within G.S. 20-28.1(c). Additionally, the Court of Appeals reasoned that violations of alcohol and drug laws were included in G.S. 20-28.1(c) because such violations could indicate the violator would be under the influence of such substances while driving. Finally, the Court of Appeals essentially agreed with the trial court that a violation of G.S. 20-343 was simply a form of commercial fraud. It therefore concluded that the legislature did not intend a violation of this statute to be "a violation of any provision of the motor vehicle laws" within the context of G.S. 20-28.1(c).

### III.

"The intent of the legislature controls the interpretation of a statute." 12 N.C. Index 3d, Statutes § 5.1, at 66 (1978); *In re Banks*, 295 N.C. 236, 244 S.E. 2d 386 (1978); *State v. Hart*, 287 N.C. 76, 213 S.E. 2d 291 (1975). "When the language of the statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." 12 N.C. Index 3d, *supra* § 5.5, at 70; *In re Banks*, 295 N.C. 236, 244 S.E. 2d 386; *State v. Camp*, 286 N.C. 148, 209 S.E. 2d 754 (1974).

It is clear that G.S. 20-28.1(c) provides that a violation of *any* provision of the motor vehicle laws is a basis for denying reinstatement. The language of the statute is clear and unambiguous. If the legislature wished not to include G.S. 20-343 within the scope of G.S. 20-28.1(c) it could have done so. It is also clear that

G.S. 20-343 is a provision within the chapter entitled "Motor Vehicles." As Judge Whichard pointed out in his dissent, "That G.S. 20-343 is a provision of the motor vehicle laws is beyond dispute, and that defendant was convicted of seven violations of G.S. 20-343 while his license to drive was permanently revoked is uncontroverted. The express language of G.S. 20-28.1(c) thus precluded issuance to defendant of a new license to drive." *Evans v. Roberson*, 69 N.C. App. 644, 649, 317 S.E. 2d 715, 718 (1984).

We find no support for the conclusion reached by the trial court and the Court of Appeals that "any provision of the motor vehicle laws" as contained in G.S. 20-28.1(c) means only those provisions of the motor vehicle laws involving moving violations or those involving highway safety. The fact that other provisions of the statute use only moving violations as criteria for revoking or suspending a license is not controlling. Arguably, even some of these "moving violations" have relatively little to do with highway safety. Both fraudulent use of a driver's license and lack of liability insurance may be grounds for suspension and revocation, although neither seems directly related to highway safety. *See* N.C. Gen. Stat. § 20-16(a)(6) and N.C. Gen. Stat. § 20-16(c).

We note with interest the unanimous decision of the Court of Appeals in an analogous case, *In re Harris*, 37 N.C. App. 590, 246 S.E. 2d 791 (1978). In that case, the applicant was denied reinstatement under a similar statute, G.S. 20-19(e). G.S. 20-19(e), since amended, allowed reinstatement following revocation for impaired driving unless the applicant had been convicted of "a violation of any provision of motor vehicle laws, liquor laws or drug laws of North Carolina or any other state . . . ." This language is essentially the same as that of the statute before us, and the phrase, "any provision of [the] motor vehicle laws," is practically identical.

The applicant in *Harris* was denied reinstatement because of a misdemeanor conviction of public drunkenness. He challenged the "liquor laws" language as unconstitutionally vague, indefinite and overbroad. The Court of Appeals, however, affirmed the denial, saying the three categories of laws mentioned by the statute were broad and that it appeared "the legislature was demanding complete compliance with *all* laws governing the use of drugs, alcohol, and motor vehicles." *In re Harris*, 37 N.C. App. 590, 594, 246 S.E. 2d 532, 535 (1978) (emphasis original).

Although *Harris* is not binding on this Court, we are persuaded by the Court of Appeals' reasoning which lends support to defendant's contention that all motor vehicle laws and not just moving violations were considered by the legislature and that placement of G.S. 20-343 in the motor vehicle laws was not inadvertent.

In summary, we hold that the crime of odometer alteration prohibited by G.S. 20-343 is a violation of the motor vehicle laws of North Carolina as that term is used in G.S. 20-28.1(c). The Court of Appeals erred in affirming the trial court's finding to the contrary. The decision of the Court of Appeals is reversed and the cause is remanded to that court for further remand to the Superior Court, Yadkin County, in order that the ruling of the Division of Motor Vehicles may be reinstated.

Reversed and remanded.