WILLIAM D. McNAULL, JR. v. JAMES NEAL McNAULL AND WIFE, FAYE W. McNAULL, JENNIE McNAULL SIMS, HELEN McNAULL STONE & HUS-BAND, WILLIAM H. STONE, JR., & NCNB NATIONAL BANK OF NORTH CAROLINA (FORMERLY NORTH CAROLINA NATIONAL BANK), TRUSTEE UNDER THE WILL OF JEAN MAXWELL McNAULL

No. 8826SC949

(Filed 5 July 1989)

1. **Wills § 28.6— construction of word "either"—construction favoring complete testacy**

    Where testatrix's will devised property in trust for her sister with the remainder in fee to her two brothers in equal shares and further provided that if "either" of her brothers died prior to termination of the trust leaving issue surviving him, such issue shall thereafter represent, per stirpes, such deceased brother, the word "either" is interpreted to mean "one or both" so that the will provides for the distribution of trust assets when both brothers predeceased the trust beneficiary and both were survived by issue, and nieces and nephews therefore take per stirpes under the will rather than per capita under the laws of intestate succession.

2. **Wills § 73.3— costs not awarded—no "common fund"— misapprehension of the law by trial court**

    In an action contesting the distribution of property pursuant to a will, the trial court acted under a misapprehension of the law in stating that as a matter of law the court did not have the authority to award costs because there was no "common fund." N.C.G.S. § 6-21(2).

APPEAL by plaintiff and defendants McNaull and Sims from *Snepp, Judge.* Order entered 27 May 1988 in Superior Court, MECKLENBURG County. Appeal by defendants Stone and NCNB from *Snepp, Judge.* Orders entered 18 and 20 July 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 22 March 1989.

Plaintiff and defendants McNaull and Sims contest the distribution of property held in trust by NCNB as trustee. In her will Jean Maxwell McNaull left the bulk of her estate in trust for her sister, Mary McNaull. The trust was to terminate on Mary's death with the remaining principal and interest to go to Thaddeus McNaull and William D. McNaull, Sr., the testator's brothers. The

will provided, *inter alia*, that upon the death of the principal beneficiary,

> my Trustee shall . . . distribute and deliver the then balance principal and income . . . share and share alike, in fee simple and free from trust, to my brothers, [Thaddeus and William], and my Residuary Trust shall thereupon terminate. If either of my brothers dies prior to the termination of my Residuary Trust leaving issue surviving him, such issue shall thereafter represent, per stirpes, such deceased brother both as to income and principal distributions, but if either of my said brothers dies prior to the termination of my Residuary Trust without leaving issue surviving, the trust or share of such deceased brother shall fall into and become a part of the trusts or shares into which said trust or share would have fallen if such deceased brother had not existed.

Both brothers predeceased Mary. Thaddeus was survived by one child (defendant Helen McNaull Stone) and William was survived by three children (William D. McNaull, Jr., James Neal McNaull and Jennie McNaull Sims).

NCNB, as trustee, distributed the trust assets on a per stirpes basis; one-half (½) to Helen McNaull Stone and one-sixth (⅙) each to plaintiff, James McNaull, and Jennie McNaull Sims. Plaintiff sued, claiming that each of the four distributees was entitled to one-fourth (¼) of the trust assets. Plaintiff asserted that the will did not provide for the distribution of assets in the event both brothers died survived by issue and therefore the assets should pass to the nieces and nephews of testator according to the laws of intestate succession.

The trial court granted summary judgment in favor of Stone and NCNB, upholding the original distribution. Stone and NCNB petitioned for costs, including reasonable attorney's fees, under G.S. 6-21. In ruling on the petitions, the trial court held that if the court had the authority to award costs in its discretion, it would do so but that, as a matter of law, costs could not be awarded in this case. Plaintiff and defendants McNaull and Sims appeal from the entry of summary judgment in favor of NCNB and Stone. NCNB and Stone appeal from the orders denying their petitions for costs.

*William D. McNaull, Jr., pro se.*

*James Neal McNaull, pro se.*

*Jennie McNaull Sims, pro se.*

*Walker, Ray, Simpson, Warren, Blackmon, Younce, Dowda and White, by Perry N. Walker and Juanita H. Blackmon, for defendant-appellees and defendant-appellants Stone.*

*Smith, Helms, Mulliss and Moore, by Catherine E. Thompson and Irving M. Brenner, for defendant-appellee and defendant-appellant NCNB.*

EAGLES, Judge.

Three issues are presented in these appeals. The first two relate to the trial court's rulings on the parties' motions for summary judgment. The third issue involves the question of allowing costs, including reasonable attorney's fees, under G.S. 6-21. We hold that the trial court was correct in granting summary judgment in favor of NCNB and Stone, upholding the original distribution, and therefore affirm that order of the trial court. However, we disagree with the trial court's determination of the costs issue and therefore reverse that order and remand the case for further proceedings.

## I. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). The record discloses that the essential facts in this case are not in dispute. Here, the parties dispute the interpretation of the will's language. This is a question of law. *See Wachovia v. Wolfe*, 243 N.C. 469, 91 S.E. 2d 246 (1956). Therefore, the trial court's conclusion that there was no genuine issue of material fact was correct and summary judgment was appropriate. *Accord, Wachovia v. Livengood*, 306 N.C. 550, 294 S.E. 2d 319 (1982). Plaintiff and defendants James McNaull and Jennie Sims contend summary judgment should have been granted in their favor. The issue before us is whether the will of Jean Maxwell McNaull provides for the distribution of trust assets when both brothers predeceased the primary trust beneficiary

and both brothers were survived by issue. We hold that it does and summary judgment for NCNB and Stone was correct.

The primary object in interpreting a will is to give effect to the intention of the testator. *Misenheimer v. Misenheimer*, 312 N.C. 692, 325 S.E. 2d 195, *reh'g denied*, 313 N.C. 515, 334 S.E. 2d 778 (1985). This intention will be given effect unless it violates some rule of law or is contrary to public policy. *Clark v. Connor*, 253 N.C. 515, 117 S.E. 2d 465 (1960). The testator's intent is to be gathered from a consideration of the will from its four corners. Where the intent of the testator is clearly expressed in plain and unambiguous language, there is no need to resort to the general rules of construction for an interpretation; rather, the will is to be given effect according to its obvious intent. *Price v. Price*, 11 N.C. App. 657, 660, 182 S.E. 2d 217, 219 (1971).

[1] It is argued by plaintiff and defendants McNaull and Sims that the word "either" in Jean McNaull's will should be defined as "one or the other of two alternatives," not "both" or "the one and the other." Plaintiff and defendants McNaull and Sims rely heavily on the case of *Dew v. Barnes*, 54 N.C. 149 (1854), and cases from other states where the word "either" has been defined. In *Dew* the court stated that "[t]he word 'either' taken by itself signifies 'one or another of any number.'" *Id.* at 151. However, as our Supreme Court has stated,

> [t]wo wills of exactly the same wording may be differently construed by reason of the different circumstances surrounding the testator at the time he made the will. . . . At best, therefore, the courts can make use of previously decided cases only as meager aid in the ascertainment of the testator's intent.

*Morris v. Morris*, 246 N.C. 314, 316, 98 S.E. 2d 298, 300 (1957).

Our reading of the will draws us to the conclusion that in this particular clause testator used the word "either" to mean "one or both." It is clear that testator's general scheme of disposition was to bequeath to her brothers equally the assets that remained in the trust on the death of the primary beneficiary. Testator used the terms "share and share alike" when referring to the gift to her brothers. However, when testator referred to the possible gift over to her nieces and nephews she used the term "per stirpes." "When a . . . testator uses technical words or phrases to express his intent in conveying or disposing of property, he

will be deemed to have used such words or phrases in their well-known legal or technical sense." *Whitley v. Arenson,* 219 N.C. 121, 127, 12 S.E. 2d 906, 910 (1941). The term "per stirpes" means by roots or stocks and denotes a method of dividing an estate where a class of distributees take the share to which their deceased would have been entitled. *Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404 (1949). It is clear from the language used by testator that her nieces and nephews were to take, if at all, by representation, not per capita.

Even if the language used by testator is seen to be ambiguous, construction of the will under established rules of construction requires a per stirpital distribution. When construing a will to determine testator's intent, courts are guided by the presumption that "one who makes a will is of disposing mind and memory and does not intend to die intestate as to any part of his property." *Ferguson v. Ferguson,* 225 N.C. 375, 377, 35 S.E. 2d 231, 232 (1945). When a will is capable of two interpretations, one resulting in complete testacy and another in partial testacy, the law favors complete testacy. *Wing v. Wachovia,* 301 N.C. 456, 463, 272 S.E. 2d 90, 95 (1980). Interpretation of the word "either" to mean "both" would result in complete testacy and supports the per stirpital distribution.

## II.  Costs

[2]  Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court:

. . .

(2) Caveats to wills and any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder;

. . .

The word "costs" as the same appears and is used in this section shall be construed to include reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow. . . .

G.S. 6-21. Defendants NCNB and Stone appeal the court's ruling that as a matter of law costs were not available to them in this action. Plaintiff and defendants McNaull and Sims argue that the

McNAULL v. McNAULL

[94 N.C. App. 547 (1989)]

trial court was correct in denying costs because there is no "common fund" from which the costs could be paid. We hold that the trial court was acting under a misapprehension of the law when it denied costs *as a matter of law.*

Plaintiff and defendants McNaull and Sims argue that in all cases where costs have been allowed under G.S. 6-21(2), a "common fund" has been available. For that reason, plaintiff and defendants McNaull and Sims argue that costs are not recoverable in this case. We disagree with their argument. We find no requirement in the statute that there be a "common fund." When the language of a statute is clear and unambiguous, courts must give the statute its plain and definite meaning without superimposing provisions and limitations not contained in it. *See Evans v. Roberson,* 314 N.C. 315, 317, 333 S.E. 2d 228, 229 (1985). We also note that the statute does not require the trial court to tax costs in any given case but allows the court to do so in *its* discretion. Here, the trial court stated in its order denying costs that "it would, in its discretion, award attorneys' fees to NCNB." Further, the sole reason stated for denying fees to Stone was that "as a matter of law . . . [the court] does not have authority to award attorney fees . . . because there is no 'common' fund.' "

Because we find the trial court was acting under a misapprehension of the law in denying costs under G.S. 6-21(2) as a matter of law, we reverse these orders denying costs and remand for further proceedings on the issue of costs.

Affirmed in part; reversed in part and remanded.

Chief Judge HEDRICK and Judge WELLS concur.